IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERRICK T. TOLIVER,

      Plaintiff,

    v.

BRAD CAIN, Superintendent, et al.,

      Defendants.

Case No. 2:21-cv-01232-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an adult in custody at the Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons that follow, plaintiff must file an Amended Complaint for this action to proceed.

**BACKGROUND**

Plaintiff names as defendants in the caption of his Complaint "Brad Cain (former SRCI Superintendent) et al." At page two of the Complaint, however, he identifies the defendants as Brad Cain, Colette Peters, Jamie Miller, and "SRCI's Medical Department."

Plaintiff alleges defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment and his due process and equal protection rights under the Fourteenth

1 - ORDER

Amendment. He alleges defendants have known of and chosen to be deliberately indifferent to his serious medical condition, which he identifies as asthma. Plaintiff alleges the injuries he suffered as a result "are both physical and mental," but does not allege facts establishing what injury he has suffered. Plaintiff also alleges that since the beginning of 2020 all inmates were required to eat meals inside their cells, and that he is forced to be exposed to seafood, which may lead to an asthma attack. By way of remedy, plaintiff asks the Court to "force ODOC to fully recognize my serious and rare medical condition and to have all serious notes about it" added to his records, to prevent his exposure to seafood, and requests money damages. Plaintiff also moves for appointment of counsel.

## STANDARDS

The Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe *pro se* pleadings liberally and afford the plaintiff "the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

**DISCUSSION**

I.  **Procedural Deficiency**

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." As noted, the defendant identified in the caption of plaintiff's Complaint differs from those identified at page two. Should plaintiff file an Amended Complaint curing the substantive deficiencies noted below, the Court advises plaintiff to clearly identify all intended defendants in the caption thereof.

II.  **Substantive Deficiencies**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Therefore, "[t]o state a claim under [Section 1983], the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." Campbell v. Washington Dep't of Soc. Servs., 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987)).

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Arnold v. Int'l. Business Machines, Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). Liability may also be imposed if the defendant sets into "'motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"

Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1044 (9th Cir. 1994) (quoting Merritt v. Mackey, 827 F.2d 1368, 1371 (9th Cir. 1987).

"'A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S.Ct. 972 (1992) (quoting Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Taylor, 880 F.2d at 1045.  However, it is well established that § 1983 does not impose liability upon state officials for the acts of their subordinates under a *respondeat superior* theory of liability. Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691-94 (1978); Rise v. State of Oregon, 59 F.3d 1556, 1563 (9th Cir. 1995), cert. denied 116 S.Ct. 1554 (1996); Taylor, 880 F.2d at 1045.

Plaintiff does not allege personal involvement by defendants Cain, Peters, and Miller in the alleged denial of his rights.  At most, he alleges they are responsible for the actions of the "SRCI Medical Department," which is insufficient to state a claim under § 1983.  Moreover, the "SRCI Medical Department" is not an entity subject to suit under § 1983.  In any event, to the extent it is construed as a sub-division of the Oregon Department of Corrections, agencies of the state are protected from suit under sovereign immunity.  See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 113 S.Ct. 684, 687 (1993) (it is well established that absent waiver, the Eleventh Amendment bars a suit in federal court against either a state or an agency acting under its control).

4 - ORDER

Also, to state a claim under the Eighth Amendment, a plaintiff must plead facts to plausibly suggest that the defendants: (1) exposed him to a substantial risk of serious harm; and (2) did so with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837, 842 (1994). Specifically, in a medical care case, a plaintiff must first allege that he suffered from or faced an objectively "serious medical need." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." Id. In addition, a plaintiff must allege facts sufficient to demonstrate that the defendants acted with "deliberate indifference" to his serious medical needs. Erickson v. Pardus, 551 U.S. 89, 90 (2007). "Deliberate indifference is a high standard." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016). Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 105-07 (1976); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Here, plaintiff does not establish facts sufficient to establish the deliberate indifference to his serious medical needs. Accordingly, plaintiff must file an Amended Complaint.

### III.    Motion for Appointment of Counsel

Plaintiff moves for a court-appointed attorney. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. Wood v. Housewright, 900 F.2d 1332, 1335 (9th

Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. United States Dist. Ct. of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331.

At this juncture, plaintiff has not established exception circumstances warranting the appointment of *pro bono* counsel. Accordingly, the Court denies plaintiff's motion for appointment of counsel.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted as to his claims against defendants Brad Cain, Colette Peters, Jamie Miller and SRCI's Medical Department, within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this action.

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that plaintiff's Motion for Appointment of Counsel (ECF No. 3) is DENIED.

IT IS SO ORDERED.

DATED this 24th day of February 2022.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge

7 - ORDER